This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Bankers Insurance Company and Daniela F. Johnson, appeal the decision of the Wayne County Municipal Court, which entered judgment in favor of appellee, the State of Ohio, against Bankers Insurance Company for payment of a criminal bond forfeiture. This Court reverses.
 I.
{¶ 2} On November 5, 2001, a complaint was filed against Darin Green ("defendant"), alleging he was a fugitive. On November 11, 2001, the trial court set defendant's bond at $5,000.00. Bankers Insurance Company ("surety"), through Daniela F. Johnson ("agent"), posted a surety bond in the amount of $5,000.00.
{¶ 3} The trial court granted a continuance until January 2002 for defendant's extradition hearing, and ordered the Wayne County Sheriff to transport defendant from the Medina County Jail for a separate hearing scheduled on December 20, 2001. The day before the scheduled hearing, an additional bond in the form of a recognizance bond was posted by defendant.
{¶ 4} On December 20, 2001, defendant failed to appear at the hearing. In a journal entry, the trial court revoked defendant's bond, issued a warrant for his arrest, and ordered the clerk of the court to notify surety to produce defendant within five days or remit as penalty the $5,000.00 bond. No hearing was scheduled or held regarding this bond forfeiture.
{¶ 5} On January 31, 2001, the trial court entered judgment against surety in the amount of the $5,000.00 bond, and further ordered that the clerk of the court should not accept bonds from said surety or its agent until the court had received the full payment. In response, surety and agent filed this appeal on February 21, 2002. Seven days later, the trial court extradited defendant to the state of New York. Surety and agent filed a second notice of appeal on March 22, 2002; both appeals were later consolidated.
{¶ 6} Surety and agent timely appealed, setting forth two assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR {¶ 7} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING JUDGMENT AGAINST THE APPELLANT SURETY ON A BAIL BOND WHERE THE COURT DID NOT FOLLOW THE STATUTORY PROCEDURE FOR BOND FORFEITURE AND DID NOT HOLD A SHOW CAUSE HEARING IN VIOLATION OF DUE PROCESS."
 SECOND ASSIGNMENT OF ERROR {¶ 8} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY ORDERING THAT UNTIL JUDGMENT ON BAIL BOND FORFEITURE WAS PAID, THE CLERK OF THE COURT SHALL NOT ACCEPT BONDS FROM THE APPELLANTS, THE SURETY OR ITS AGENT."
{¶ 9} In their first assignment of error, surety and agent argue that the trial court erred as a matter of law by granting judgment against surety on a bail bond where the court did not follow the proper statutory procedure of holding a show cause hearing before ordering bond forfeiture against surety. In their second assignment of error, surety and agent argue that the trial court erred as a matter of law by ordering that until judgment on bail bond forfeiture was paid, the clerk of the court shall not accept bonds from the appellants, the surety or its agent. This Court agrees.
{¶ 10} Surety and agent's two assignments of error address the same facts; therefore, this Court will address both assignments of error together for ease of discussion.
{¶ 11} This Court reviews the trial court's bond forfeiture decision using an abuse of discretion standard. See City of Akron v.Stutz (Nov. 1, 2000), 9th Dist. No. 19925. "An abuse of discretion is more than an error of law or judgment; it implies a decision that is unreasonable, arbitrary or unconscionable." Id., citing Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
{¶ 12} Section 2937.35 of the Ohio Revised Code states, in pertinent part:
 {¶ 13} "Upon the failure of the accused or witness to appear in accordance with its terms the bail may in open court be adjudged forfeit, in whole or in part by the court or magistrate before whom he is to appear." Once the trial court declares a defendant's bond forfeited, the statutory procedure for adjudging forfeiture requires the following:
 {¶ 14} "As to recognizances [the court] shall notify accused and each surety by ordinary mail at the address shown by them in their affidavits of qualification or on the record of the case, of the default of the accused and the adjudication of forfeiture and require each of them to show cause on or before a date certain to be stated in the notice, and which shall be not less than twenty nor more than thirty days from date of mailing notice, why judgment should not be entered against each of them for the penalty stated in the recognizance. If good cause by production of the body of the accused or otherwise is not shown, the court or magistrate shall thereupon enter judgment against the sureties or either of them, so notified, in such amount, not exceeding the penalty of the bond, as has been set in the adjudication of forfeiture, and shall award execution therefor as in civil cases. The proceeds of sale shall be received by the clerk or magistrate and distributed as on forfeiture of cash bail." (Emphasis added.) R.C. 2937.36(C).
{¶ 15} Surety and agent argue that the trial court did not follow the statutory procedure in R.C. 2937.36(C), which requires adequate notice and a show cause hearing before judgment forfeiting the bond can be entered against them. In their case, the court sent surety and agent a letter dated December 20, 2001, informing them that defendant had failed to appear for his hearing that day. In that letter, the court stated the following: "The bond which you posted for HIM is now forfeited and you are ordered to produce the defendant within 5 days. If you fail to produce the defendant within 5 days, the State may enter a judgment against you in the amount of $5,000.00."
{¶ 16} The court only gave surety and agent five days notice to produce defendant to the court. In addition, the court did not provide any date in its letter for a show cause hearing for surety and agent. Under R.C. 2937.36(C), surety and agent are entitled to at least 20 days notice before they must appear in court, either to produce defendant or to show cause as to why they cannot produce defendant. Furthermore, the statute requires the court to provide a show cause hearing for surety and agent. R.C. 2937.36(C) instructs the court to "require each of them to show cause on or before a date certain to be stated in the notice, and which shall be not less than twenty not more than thirty days from date of mailing notice, why judgment should not be entered against each of them for the penalty [of the bond amount.]" In the instant case, surety and agent did not receive at least twenty days notice or a show cause hearing before the court entered judgment against surety.
{¶ 17} After careful review of the entire record, this Court finds that the trial court did not follow the statutory procedure in R.C.2937.36(C), which requires the court to provide both adequate notice and a show cause hearing before judgment forfeiting the bond can be entered against surety. Consequently, this Court finds that the trial court abused its discretion when it entered judgment against surety on the bail bond without first providing to surety and agent these statutory requirements.
{¶ 18} Furthermore, this Court finds that the trial court abused its discretion in ordering that until surety paid its judgment on the bail bond forfeiture, the clerk of the court should not accept bonds from either surety or agent. Because the trial court erred in forfeiting surety's bond without following the required statutory procedures, its subsequent order that the clerk refuse any future bonds from surety or agent until the $5,000.00 was paid was also error.
 III.
{¶ 19} Accordingly, surety and agent's two assignments of error are sustained. The judgment of the trial court is reversed and the case remanded for proceedings consistent with this opinion.
SLABY, P.J., WHITMORE, J. CONCUR.